[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON OBJECTION TO MOTION FOR DEFICIENCY JUDGMENT
Judgment of strict foreclosure was entered in this matter on March 13, 1992 with the court allowing the objecting defendants to reserve any claims for equitable relief until a claim for a deficiency judgment was filed.
The court heard the parties on July 10, 1992 as to their claims for a deficiency judgment and for equitable relief therefrom.
The court found the fair market value of the subject premises on the date of title vesting in plaintiff to be $265,000.00. This finding was based on the evidence presented by the plaintiff. No evidence was presented by defendants as to CT Page 7670 value on the date of title vesting.
The remainder of the hearing consisted of testimony concerning the interaction of the defendants with plaintiff and its predecessors. The basic contentions of the parties center on whether the plaintiff or its predecessors were dilatory in the pursuit of the foreclosure judgment in this matter and whether that delay was inequitable, thereby justifying some monetary relief to the defendants by a reduction in the deficiency judgment.
The court, after reviewing the evidence and the parties' briefs, has concluded that the plaintiff permitted an unreasonable delay in pursuing its judgment in this matter for a period of 129 days. This period is from 15 days after June 7, 1991, the date Plaintiff's Motion to Default Additional Defendant was granted, and October 29, 1991, the date plaintiff first moved for judgment of strict foreclosure. The court is not persuaded that any significant settlement negotiations were initiated by defendants during this time that would justify this period of delay.
Paragraph 9 of plaintiff's complaint alleges interest during this period of 129 days was accruing at the rate of $143.00 per day.
The court, therefore, exercises its equitable powers and reduces the deficiency judgment by a credit of $18,447.00 and sustains the objection to the motion for deficiency judgment for the limited purpose of allowing said credit plus an appropriate reduction of interest from date of title vesting to the date of deficiency judgment.
A deficiency judgment may enter this date for the sum of $67,788.94. This represents the original debt as reduced by the aforesaid credit, less the established value of the property, plus interest from April 21, 1992 (113 days) at a per diem rate of $13.72, together with an additional appraiser's fee of $550.00 and the payment of real estate taxes of $3,084.71.
STODOLINK, J.